# Stephenson *v.* Bird, *et al.*

*Bill by Trustee in Bankruptcy to Set Aside Fraudulent Conveyance.*

(Decided June 2, 1910.    Rehearing denied June 30, 1910.
53 South. 92.)

1. *Bankruptcy; Discharge; Effect.*—A discharge in bankruptcy is personal and does not preclude the trustee in bankruptcy from recovering property fraudulently conveyed by the bankrupt.

2. *Bankruptcy; Discharge; Conclusiveness.*—Since, under the bankrupt act as amended a fraudulent conveyance must be made in four months preceding the filing of the petition to be ground for refusing a discharge, a discharge over objection on that ground does not preclude the trustee by subsequent bill to declare a transfer by the bankrupt fraudulent, where it does not appear that the trans-

[Stephenson v. Bird, et al.]

fer sought to be vacated, or the transfer involved in the objection to the discharge, was made within that period.

3. *Judgment; Res Judicata; Essentials.*—To make a judgment between same parties res judicata, it must have been rendered by a court of competent jurisdiction and must involve a question that could have been litigated in the former case; these among others.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Richard L. Stephenson, as trustee in bankruptcy of C. H. Bird, against Jennie M. Bird and others. From a judgment sustaining the plea, complainant appeals. Reversed and rendered.

See, also, 53 South. 93.

The plea is as follows, and is filed on behalf of all the defendants separately and severally: "This bill is being maintained by one Richard L. Stephenson, as trustee in bankruptcy of the estate of C. H. Bird. That said C. H. Bird was adjudged a bankrupt on or about May 1, 1905, by the District Court of the United States of America for the Northern Division of the Northern District of Alabama. That said C. H. Bird had been finally discharged as such bankrupt. That, upon the said C. H. Bird filing his application for a final discharge, the creditors of his estate were being notified of said application, and in response thereto filed their specifications of opposition to the granting to him of a discharge from his debt. That one of the grounds of such opposition was based on the allegation that said C. H. Bird had transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, a part of his property with the intent to hinder, delay, or defraud his creditors. That issue was joined on said specification of opposition, and evidence was taken before said court of bankruptcy in which said bankruptcy proceedings were pending as aforesaid, and said court, upon the hearing on plead-

[Stephenson v. Bird, et al.]

ings and proof, ordered, adjudged, and decreed that said C. H. Bird be discharged from his debts as provided by the acts of bankruptcy. And these defendants say that in and by such judgment and decree the matters and things involved in this action were adjudged and determined, and these defendants plead such former adjudication as a bar to the further maintenance of this action."

E. W. GODBEY, and GEORGE P. BONDURANT, for appellant. The court erred in sustaining the special plea. —*Moyer v. Dewey,* 103 U. S. 301; *In re Pierce,* 103 Fed. 64. No res judicata was shown.—2 Rem. on Bankruptcy, 1764.

WERT & LYNNE, for appellee. After a discharge in bankruptcy, a trustee has no office to fill, and, therefore, he could not maintain the action in this case, and the court properly sustained the plea.

ANDERSON, J.—The only question presented by this appeal involves the sufficiency of respondents' special plea of discharge in bankruptcy as res judicata. The discharge of a debtor in bankruptcy in no way precludes the trustee from recovering property of the bankrupt's estate which has been fraudulently transferred. *In re Pierce* (D. C.) 103 Fed. 64. The discharge is personal to the bankrupt, and does not release his fraudulent grantees from liability for the fraud committed by them.—*Moyer v. Dewey,* 103 U. S. 301, 26 L. Ed. 394. The plea, however, goes beyond the mere discharge, and attempts to invoke an estoppel or res judicata, upon the theory that the validity of the conveyance now assailed was litigated in the bankruptcy proceeding by objections interposed to a discharge be-

cause the defendant had fraudulently transferred his property.

In order for a judgment between the same parties to be res judicata, it must, among other things, have been rendered by a court of competent jurisdiction, and must involve a question that could have been litigated in the former cause or proceeding.—4 Mayfield's Dig. p. 728, and authorities cited in section 124. Under and by virtue of paragraph 4 of section 14 of the bankruptcy act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (U. S. Comp. St. Supp. 1909, p. 1310), the right given to oppose the discharge of the bankrupt as to fraudulent conveyances of his property is only in the event the conveyance was made within four months immediately preceding the filing of the petition in bankruptcy. It makes no provision for a contest of conveyances anterior to said four months, and the plea does not aver that said conveyances or transfers urged upon the objection to the bankrupt's discharge were made within four months immediately preceding the petition in bankruptcy. Neither does the bill show that the conveyances there assailed come within the influence of section 14, so as to be urged against the bankrupt's discharge.

The chancellor erred in holding the respondents' plea sufficient, and the decree of the chancery court is reversed, and one is here rendered declaring said plea insufficient.

Reversed and rendered.

SIMPSON, MAYFIELD, and SAYRE, JJ., concur.