(130 So. 219)

## WILSON & CO. v. PHILLIPS et al.

### 6 Div. 686.

Supreme Court of Alabama.

Oct. 9, 1930.

H. H. Grooms and Coleman, Coleman, Spain & Stewart, all of Birmingham, for appellant.

Cabaniss, Johnston, Cocke & Cabaniss and L. D. Gardner, Jr., all of Birmingham, for appellees.

BOULDIN, J.

Wilson & Co. sued F. N. Phillips, R. A. Porter, F. K. Hamilton, J. K. McDowell, and J. A. Garrett, individually and as assignees of the estate of W. J. Sanders, to recover amount due plaintiff upon account incurred by Sanders.

Demurrer was sustained to the complaint. For this adverse ruling plaintiff took a non-suit and appeals.

Count Y of the complaint, with Exhibit N, made a part thereof, states plaintiff's case most fully. (See report of case.)

Obviously the right of action against these defendants is rested upon the obligations imposed by the deed of assignment. Appellant relies upon the long line of cases, beginning with Huckabee v. May, 14 Ala. 263, declaring the right of a third person to sue in assumpsit upon a promise made for his benefit, and supported by a valuable consideration.

Many such cases have arisen wherein the purchaser of the property of a debtor has agreed to pay all his debts, certain specified debts, or his indebtedness not to exceed a stipulated sum as in Dimmick v. Register, 92 Ala. 458, 9 So. 79, wherein it is declared an action of assumpsit may be maintained in case the fixed sum will pay the whole indebtedness, otherwise the remedy is in equity for apportionment among the beneficiaries.

The assignment here is not of that class. Clearly it is a general assignment for the benefit of the creditors of the grantor. Code, § 8040. It creates an express trust.

Paragraph 3, set out in count Y as the promise relied upon, is in course of enumeration of the uses to which the trust property is to be applied, names a special class of beneficiaries of which the plaintiff is one. It imports no personal obligation upon the grantees to pay this or any other debt of the assignor. The obligation to pay the plaintiff in due course is a trust obligation.

Assuming plaintiff's right to receive payment in full as per the terms of the assignment, the less favored class of creditors assenting to the assignment as made, such payment in full is to be had in due course of the administration of the trust.

There are cases where, upon execution of the trust, moneys are in the hands of a trustee which ex aequo et bono belong to the beneficiary, no duty remaining save to pay it over, an action of assumpsit may be maintained.

"Where the execution of a trust creates a mere monied demand upon the trustee for a sum certain, or which may be reduced to a certainty by a reference to something else, there is no principle of law which renders necessary a resort to equity." Hitchcock v. Lukens & Son, 8 Port. 333.

Maybe, where a deed of assignment sets apart a definite portion of the fund to be paid over to beneficiaries named, this rule would have application. This we need not here decide.

The complaint makes no such case. Even the class of creditors of which plaintiff is one was left open to future contingencies. There is no averment of the number nor amount of same; no averment that the funds received to the time of suit filed were sufficient to meet them, or had not been applied to lawful purposes pursuant to the assignment or trust deed.

The case does not call for decision of the question pressed by appellee to the effect that plaintiff and those in like position must await a final settlement of the trust before they become entitled to payment. The large discretion vested in the trustees as to continuance of business, without defined duration, provisions primarily on behalf of the secondary class of creditors, and many other matters may enter into the inquiry as to the rights of these preferred creditors to have their demands promptly allowed and paid in the due execution of this trust.

All we decide is that, for aught appearing here, plaintiff has no right of action in assumpsit, but must look to the remedies in equity specially adapted to the enforcement of trusts.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.