## DUNN v. PONCELER et al.
### 4 Div. 802.

Supreme Court of Alabama.
May 9, 1935.

451

Lange, Simpson & Brantley, of Birmingham, and Guy W. Winn, of Clayton, for appellant.

Beddow, Ray & Jones, of Birmingham, for appellees.

KNIGHT, Justice.

Statutory ejectment.

The complaint consists of fourteen counts, each for the recovery of a separate parcel of land, all lying and being in Barbour county, Ala.

Upon conclusion of the evidence, the court gave, at the written request of the plaintiffs, appellees here, the general affirmative charge for all the lands. There were verdict and judgment accordingly.

The appellant sued the said Ella P. P. Ponceler and Grace Walker in the circuit court of Jefferson county, Ala., and recovered a joint personal judgment against the defendants in the sum of $2,948.15. Upon this judgment, executions were regularly issued, and placed in the hands of the sheriff of Barbour county for collection. The sheriff, under these executions, levied upon the lands involved in this suit, and, after due advertisement, sold the same, in all respects in accordance with the statutes, and at the sale the appellant became the purchaser, and proper deeds of conveyance were made to her by the sheriff.

After becoming the purchaser of the property at the execution sales, the appellant entered upon and took possession of the several tracts of land so purchased by her.

On June 9, 1933, the appellees, styling themselves "executrices and trustees under the last will and testament of O. B. Pruett, deceased, suing as such executrices and trustees," brought statutory ejectment against the appellant to recover the possession of said lands.

It was admitted upon the trial that all parties claimed title to the property in suit through O. B. Pruett, deceased. It also appears that Mrs. Ella P. Pruett Ponceler was the widow, and the said Grace Walker was the only child, and sole heir at law, of the said O. B. Pruett, deceased.

The will of said O. B. Pruett, which was offered in evidence by the plaintiffs—appellees—was admitted to probate in the probate court of Barbour county on December 31, 1921. The third and fourth clauses of this will appear in the report of this case.

In their brief, appellees say: "The single proposition involved in this appeal is whether or not under and by virtue of the will of O. B. Pruett, deceased, Ella P. Pruett, the widow of the deceased, who later married Mr. Ponceler, and Grace P. Walker, the daughter of the deceased, O. B. Pruett, acquired a vested estate in said lands subject to levy and sale under execution, or whether or not the will simply constituted in (sic. them) trustees to manage the entire estate, preserve and care for it with permission to enjoy the net income as individuals, but with a duty of preserving and caring for the estate conserving it and delivering it over to those who would become vested with the estate upon the happening of the contingencies mentioned in the will."

It is quite clear from a reading of the will that the testator has undertaken to vest in the widow and daughter the beneficial interest in the property, but at the same time has made the beneficiaries of the trust estate the trustees thereof. In other words, the testator has attempted to create a trust in his property for the benefit of his widow and daughter, and at the same time has made the said beneficiaries the trustees. Can this be done without a merger of the two estates, legal and equitable in the beneficiaries? We think not.

"In its most comprehensive sense a technical trust may be said to be where the legal estate is in one person and the equitable estate is in another, or where there are rights, titles and interest in property distinct from the legal ownership. But all the definitions contain the essential elements that the legal estate must be in one and the equitable estate in another to constitute a technical trust." 26 R. C. L., § 1, page 1168.

"A fundamental essential to the existence of *any trust* is the separation of the legal

estate from the beneficial enjoyment; and no trust can exist where the same person possesses both. * * * If the legal and equitable estates come together in the same person the equitable is merged in the legal, and *the trust is terminated.*" (Italics supplied.) 26 R. C. L. § 22, p. 1186; Doan v. Vestry of Parish of Ascension, 103 Md. 662, 64 A. 314, 7 L. R. A. (N. S.) 1119, 115 Am. St. Rep. 379; Towle v. Wood, 60 N. H. 434, 49 Am. Rep. 326; .65 Corpus Juris, § 337, p. 572; Hospes v. Northwestern Mfg., etc., Co., 48 Minn. 174, 50 N. W. 1117, .15 L. R. A. 470, 31 Am. St. Rep. 637.

In the case of Woodward v. James, 115 N. Y. 346, text 357, 22 N. E. 150, 152, the court said: "It is undoubtedly true that the same person cannot be at the same time trustee and beneficiary of the same identical interest. To say that he could would be a contradiction, in terms, as complete and violent as to declare that two solid bodies can occupy the same space at the same instant. Where, however, the trustee is made beneficiary of the same estate both in respect to its quality and quantity, the inevitable result is that the equitable is merged in the legal estate, and the latter alone remains."

And again, in Greene v. Greene, 125 N. Y. 506, text 510, 26 N. E. 739, 740, 21 Am. St. Rep. 743, the court said: "The trustee and the beneficiary must be distinct personalities, or otherwise there could be no trust, and the merger of interests in the same person would effect a legal estate in him of the *same duration as the beneficial interest designed.*" (Italics supplied.)

In the case of Reid et al. v. Barry, 93 Fla. 849, 112 So. 846, it was held that the trustee and the beneficiary must be distinct personalities, or, otherwise, there could be no trust, and the merger of both trusts in the same person would effect a legal estate in him of the same duration as the beneficial interest designed. To the same effect is the holding of the same court in the case of Axtell v. Coons, 82 Fla. 158, 89 So. 419.

And our own court, in consonance with the practically unanimous holding of the highest courts of the Union, has recently had occasion to pass upon a similar question. In the case of Birmingham Trust & Savings Co. v. Marx, 159 So. 483, we held that it is essential to the existence of a trust in property that the legal title be in one person with the benefit and use to another. That where one person has both the legal title and beneficial ownership, there is no trust.

We are, therefore, at the conclusion that the will of Mr. Pruett did not create a trust, but its effect was to devise to the widow and daughter legal estates. Under this will Mrs. Ella P. Pruett, now Mrs. Ponceler, acquired an estate for life in one-half of the property sued for; and that Grace Walker, the daughter, acquired the fee in said lands, burdened or encumbered with the life estate of her said mother, in one-half of the same.

This legal estate of the mother and daughter in the property became and was the subject of levy and sale, and the appellant, Maude Dunn, by her purchases at the sheriff's sales, acquired the interest of Mrs. Ponceler and Mrs. Grace Walker in said property.

Upon the trial of the cause, the plaintiffs offered in evidence, against the objection and exception of the defendant, the proceedings minus the evidence in a certain case that had been tried in the circuit court of Jefferson county, wherein the appellant had sought to reach and subject to the payment of her judgment some rents accruing from certain property in Jefferson county, and to which these same plaintiffs, in their said representative capacity, laid claim. These rents accrued from property held by the plaintiffs, under some kind of a deed, the terms of which are not disclosed, and the court adjudged that the rents belonged in part to the claimants and in part to the Mortgage Bond Company of New York.

This evidence was offered, as we gather from the brief of appellees, for the purpose of showing "that the trust created by the will of O. B. Pruett, deceased, was an active trust and that the estate of the trustees held by them as executrices and trustees was not subject to personal process against them as individuals," and, further, to support "plaintiffs' contention that the proper construction of the will of O. B. Pruett, deceased, and of the estate of the trustees and executrices in the lands which were part of his estate had already been decided." In short, as we gather, it was to show estoppel by judgment.

The evidence was relevant to no issue in this case, and the court erred in admitting the record of the garnishment suit in evidence. It was wholly without relevancy, and had no probative force whatever on the issue involved in this suit.

As evidence to show res adjudicata, or estoppel by judgment, it was wanting in two or more essential ingredients of such a plea. A judgment is never conclusive on any point

or question which from the nature of the case, the form of action, or the character of the pleadings could not have been adjudicated in the suit in which it was rendered, nor as to any matter which must necessarily have been excluded from consideration in the case as being beyond the jurisdiction of the particular court. 34 Corpus Juris, § 1339, p. 935; Stephenson v. Bird, 168 Ala. 363, 53 So. 92, Ann. Cas. 1912B, 249; Bates v. Crowell, 122 Ala. 611, 25 So. 217; Jenkins v. Harrison, 66 Ala. 345; McLane v. Miller, 12 Ala. 643.

Measured by the above standard, the evidence was wholly irrelevant and incompetent, and should not have been admitted.

· The plaintiffs showed no right to recover in this case, and the court erred in giving at their request the general affirmative charge. The defendant was due the general affirmative charge for all the lands sued for.

It follows that the judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.