74 So.2d 443

**Carrie G. BUCHMAN**

v.

**James C. GRIMES, as Trustee.**

**1 Div. 291.**

Supreme Court of Alabama.

Aug. 30, 1954.

Eyster & Eyster, Decatur, for appellant.

Wilters & Brantley, Bay Minette, for appellee.

**STAKELY, Justice.**

This is an appeal from a decree of the equity court overruling the demurrer of Carrie G. Buchman to a bill of complaint filed by James C. Grimes, as Trustee, under the provisions of § 1116 et seq., Title 7, Code of 1940. The bill is filed against a certain tract of land lying in Baldwin County and a number of named respondents, among whom is Carrie G. Buchman. None of the named respondents appear to have entered an appearance in the cause except Carrie G. Buchman, who filed the demurrer to which reference has been made.

The bill describes the complainant as "James C. Grimes, as Trustee," and prays that the court ascertain and decree that a fee simple title free of incumbrances to the lands involved be vested in James C. Grimes, as Trustee. Among other allegations, the bill avers that the complainant is the owner in fee simple of the real estate and is in the actual possession thereof.

The demurrer takes the position in substance that the capacity in which the complainant sues is not sufficiently described and set forth.

In the case of Savannah & Memphis Railroad Co. v. Lancaster, 62 Ala. 555, 562, it was said:

"But when no allegation at all is made in the stating or any other part of the bill of material facts or transactions on which the title of those bringing suit depends, it would be too great a relaxation of the wholesome and too little heeded rules of the pleading, to take as a substitute the mere description or designation of plaintiffs, 'as trustees,' or as 'certain holders of bonds and coupons,' or by other additions which imply that such facts or transactions had occurred. * * * And this court has emphatically said: 'The matters essential to complainant's right to relief, must appear not by inference, but by clear and unambiguous averment.' "

In the case of Hicks v. Biddle, 218 Ala. 2, 117 So. 688, it was held that the bill must clearly show the title and interest of the complainant in the subject matter of the suit and a present right to sue and when the complainant sets forth his title to relief, he cannot have a decree based upon another and different title. Rapier v. Gulf City Paper Co., 64 Ala. 330; Meadors v. Askew, 56 Ala. 584. In the case of Shepherd v. Birmingham Trust & Savings Co., 233 Ala. 320, 171 So. 906, it was shown that the rules of good pleading in equity require that the complainant must plead his character and capacity to sue and that the bill must contain a designation and description of all persons appearing as complainant, giving their names, places of abode and the character in which they sue, and further, that if construing the allegations most strongly against the pleader, it is uncertain in which capacity the complainant sues, the bill is subject to demurrer. Tillman v. Calhoun

Lumber Co., 245 Ala. 595, 18 So.2d 561. Other cases show that a demurrer is the appropriate manner in which to attack a bill in equity, which does not state with sufficient clearness and certainty facts essential to show the complainant's right or title to maintain the bill. Heflin v. Heflin, 208 Ala. 69, 93 So. 719; Majors v. Killian, 230 Ala. 531, 162 So. 289.

Furthermore, where a trust is alleged or shown, it is incumbent on one who claims the existence of such trust to establish it by clear, positive and unequivocal averments. Swendick v. Swendick, 221 Ala. 337, 128 So. 593. The averments of the bill present a situation of uncertainty as to just what is the status of the complainant as to his title to the property involved. He is alleged to be the fee simple owner and yet the bill is brought by him as trustee and the bill seeks to have the title quieted in him as trustee. We do not understand how the complainant can be both trustee and beneficiary of the trust. On the face of these averments, a repugnancy may be presented. Dunn v. Ponceler, 230 Ala. 375, 161 So. 450; Birmingham Trust & Savings Co. v. Marx, 230 Ala. 68, 159 So. 483; 54 Am.Jur. p. 86. Certainly if there is a trust, the allegations of the bill should show the nature of the trust and the duties, obligations and authority of the trustee, if any, thereunder. If for example James C. Grimes is the trustee under a bare and naked trust, then construing the allegations of the bill most strongly against the pleader, the legal title would vest in the cestui que trust and the alleged trustee would not be the proper party to maintain the bill. In Roman, as Trustee, v. Long Distance Telephone & Telegraph Co., 147 Ala. 389, 41 So. 292, 293, this court said:

"The bill is not sufficient in its statement as to the trusteeship of the complainant. For aught that appears, the trust may be a naked trust, without any duties for the trustee to perform. In such case the legal title of the property conveyed in trust would vest in the cestui que trust, and the alleged trustee would not be the proper party to maintain the bill. On the other hand, if it should appear that the trust created was not a naked trust, but an active one, the cestui que trust would not be a necessary party to the bill, as no question in the character of the bill here filed would arise between the trustee and the cestui que trust. The trustee, being clothed with a legal title and with active duties to perform, would be authorized, as it would be his duty, in his own name as trustee to protect the property of the trust by legal proceedings as well as otherwise."

See also Kidd v. Cruse, 200 Ala. 293, 76 So. 59.

It so happens that often in the case of an active trust the beneficiaries should be made parties on the principle that in equity where the suit concerns property rights all persons having legal or equitable rights must be made parties. Silverstein v. First National Bank of Birmingham, 231 Ala. 565, 165 So. 827. To sum up the situation, it is not clear from the allegations of the bill as to the nature of the trust, if any, and as to the character and capacity in which the complainant sues and just what his interest is, if any, in the property. And for aught that appears from the allegations of the bill, there may be other parties who have an interest and who should perhaps be made parties.

It results that the decree of the lower court is reversed and the cause remanded.

Reversed and remanded.

LAWSON, SIMPSON and MERRILL, JJ., concur.