145 So.2d 793

**Conrad A. ALBRIZIO**

v.

**Nancy Selden WRIGHT, Executrix, et al.**

I Div. 9.

Supreme Court of Alabama.

Oct. 18, 1962.

Wilters & Brantley, Bay Minette, for appellant.

J. B. Blackburn and Jas. R. Owen, Bay Minette, Sullivan & Cameron, Mobile, G. E. Sledge and Richard Poellnitz, Greensboro, for appellees.

## PER CURIAM.

This is a suit in equity which was filed by Conrad A. Albrizio (appellant) against Nancy Selden Wright, individually and as executrix of the estate of Imogene I. Albrizio, deceased, and others. The purpose of the bill appears to be to establish a resulting trust in the property of Imogene I. Albrizio, deceased. The lower court sustained the appellees' demurrer to the appellant's bill of complaint as last amended. The appellant has appealed and his appeal was taken and perfected before September 15, 1961, the approval date of the act abolishing such appeals.

The appellant in his brief has set out the bill of complaint as last amended, the demurrer of the appellees to the bill of complaint as last amended and the decree of the trial court sustaining the demurrer of the appellees to the appellant's bill of complaint as last amended. There is no clear statement in the brief of the ground or grounds on which the appellant relies for a reversal. Only one supporting authority is cited by the appellant.

We gather from the bill of complaint that the complainant and Imogene I. Albrizio were husband and wife and mutually agreed to make irrevocable and mutual wills in which they made the other sole beneficiary of all the property accumulated by them during their married life. We further gather that Imogene I. Albrizio died October 14, 1957 and that at the time of her death left various properties to others than her husband and thereby breached her aforesaid agreement with her husband. There is nothing to show whether the agreement to make irrevocable and mutual wills was oral or written. Various properties which Imogene I. Albrizio owned at the time of her death are set forth in the bill and the purpose of the bill appears to be to establish a resulting trust in these various properties in favor of her husband.

The record shows that a demurrer was filed by the various respondents (appellees) to the effect that "no facts are alleged to show any valid written agreement to make irrevocable and mutual wills." The demurrer also takes the position that the allegations of the amended bill of complaint are vague, indefinite, uncertain and no facts are alleged which entitle the complainant to have a resulting trust declared in the lands described in the amended bill of complaint. Other deficiencies in the bill of complaint are pointed out by the demurrer but we see no need to dwell on the other deficiencies at this time. This court has often held that where parties claim existence of a trust the trust must be alleged by clear, positive and unequivocal averments, Buchman v. Grimes, as Trustees, 261

Ala. 383, 74 So.2d 443, and a bill to establish a resulting trust in land must disclose facts upon which the trust arises. Hooks v. Hooks, 264 Ala. 66, 84 So.2d 354.

We think the court was correct in sustaining the demurrer to the bill of complaint as last amended and that the decree of the lower court should be upheld.

The foregoing opinion was prepared by STAKELY, Supernumerary Justice of this Court, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, MERRILL and HARWOOD, JJ., concur.