MURDOCK, Judge,
dissenting.
In addressing the revocable family trust at issue, the trial court found as follows:
“After the wife received her inheritance, a family trust was created. The court deems that since the wife’s inheritance was used for the support and maintenance of the family that it became a marital asset. The court further finds from the evidence that the trust was created for tax saving purposes and to avoid probate. The court would therefore treat the assets in the trust as part .of the marital estate and disregard the trust entity.”
In essence, without expressing an opinion as to the efficacy of the trust vis:a-vis third parties (i.e., “for tax saving purposes and to avoid probate”), the trial court concluded that, as between the parties, the trust did not prevent the.property at issue from being treated as marital property for purposes of Ala.Code 1975, § 30-2-51(a). Under the equitable principles reflected in § 30-2-51(a) and in our caselaw generally with respect to property division upon divorce, and under the unique facts of this case, and given the absence of any authority having been cited by the wife for the proposition that the trust insulates this property from treatment under § 30-2-51(a), I cannot conclude that the judgment of the trial court should be reversed as to this issue.
In addition, I would note that, although the largest asset placed into the trust herein at issue was the wife’s inheritance of over $500,000 worth of Regions Bank *392 stock, the record shows that the husband put $90,000 of his own funds into the trust and that various other marital properties with substantial value were also placed into the trust. Among the trust assets were the parties’ “home place” and two condominiums in Colorado. One of the condominiums, valued at $100,000, is the only trust asset the husband was awarded in the divorce judgment.
Notwithstanding the fact that both parties had contributed assets to the trust, the wife argues that by signing the release in question, the husband gave up his rights to receive any portion of the property. Even if we accept the proposition that by signing the release at issue the husband lost certain rights, the rights he released thereby were only his rights as beneficiary of the trust.
Further, even if the assets of the trust became the separate estate of the wife upon the husband’s signing of the release,[2] § 30-2-51(a) would still require us to affirm the trial court. That statute provides, in part, that in making a property division in a divorce:
“the judge may not take into consideration any property acquired ... by inheritance or gift unless the judge finds from, the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during the marriage.”
(Emphasis added.) In this case, there is no dispute that substantial amounts of both the income and the assets in question were used for the common benefit of the parties during their marriage.
As noted, the wife cites no authority for the proposition that assets placed in a revocable trust of the nature of the trust at issue in this case are somehow insulated from the equitable principles of property division set out in § 30-2-51 and in our caselaw. I believe the trial court’s judgment was consistent with those equitable principles.
In light of the foregoing, I respectfully dissent.
CRAWLEY, J., concurs.

. Neither party argues that, because the husband also resigned as trustee and the wife thereby became both the sole beneficiary and the sole trustee, the merger doctrine applied in First Alabama Bank of Tuscaloosa v. Webb, 373 So.2d 631 (Ala.1979), also is applicable in this case. Even if the merger doctrine were applied in this case so as to support the conclusion that the property of the trust became the separate estate of the wife, the discussion in this writing assumes that this property is the separate estate of the wife and explains why I nonetheless would affirm the trial court's division of that property.