CRAWLEY, Judge.
Shirley MeClurkin and William McClurkin and their two daughters (the “owners”) entered into a “management by objections” agreement (the “management agreement”) with Alabama River Woodlands, Inc. (the “forest manager”) to provide forestry management on certain land, which includes the Pebble Hill tract, the subject of this action.
Later, Shirley MeClurkin notified the forest manager of her desire to have certain timber cut from Pebble Hill and three other tracts of land. The forest manager’s representative was Randy Loyd (the “agent”), a registered forester with the state of Alabama and an employee of Alabama River Woodlands. The agent handled the sale of timber off of this tract as part of the forest management services to the owners. The timber sales contract between the owners and defendant Ziebach & Webb Timber Company, Inc. (the “timber buyer”) provided for the removal of all trees except the “leave trees,” which were to be marked by a blue ring by the forest manager. The forest manager marked the “leave trees.”
The timber sales contract also provided for three days’ advance notice to the forest manager before the timber buyer began timber-cutting operations.
Without giving the advance notice, the timber buyer clear-cut the Pebble Hill Tract. Before the cutting, the agent did not attempt to determine the date the cutting was scheduled to begin. Because of lack of notice, no pre-cut conference was held by the forest manager with the timber buyer to discuss the instructions given by the owners as to which trees were to be cut.
The complaint alleges that the Pebble Hill Tract was damaged by the clear-cutting of the timber, because no seed trees were left and trash and rubbish were left on the property.
Shirley McClurkin, only, filed a complaint against the timber buyer, the forest manager, and its agent. The complaint contains four counts against the forest manager, with three of them also involving the agent. The fifth count alleges that the timber buyer wrongfully took trees from the owner’s property. The sixth count alleges that the forest manager and its agent negligently inspected and managed the timberland. The seventh count alleges that the forest manager and its agent wantonly failed to manage and inspect the timberland. The eighth count alleges a breach of contract against the forest manager for failure to oversee the timber cutting. The ninth count alleges that the forest manager and its agent conspired to illegally deprive the owners .of benefits under the contract and alleges a breach of fiduciary duty.
The forest manager and its agent filed a motion for summary judgment, which was granted as to these two defendants on counts six, seven, and nine of the complaint. The court order certified this to be final under *522 Rule 54(b), A.R.Civ.P., which states that “the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.” Owner Shirley McClur-kin appeals.[1]
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), A.R.Civ.P. The law regarding summary judgment is well established. To overcome a properly supported motion for summary judgment, the nonmoving party must present substantial evidence supporting its claims and creating a genuine issue of material fact. Ala.Code 1975, § 12-21-12. Harvell v. Johnson, 598 So.2d 881 (Ala.1992). Under the “substantial evidence rule,” once the movant has made a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, the nonmovant must rebut this showing by presenting “substantial evidence” creating a genuine issue of material fact. “Substantial evidence” has been defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). Also, reasonable doubts concerning the existence of a material fact must be resolved in favor of the nonmoving party. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
The owners argue that the actions of the forest manager and its agent are material to the proper resolution of the issues in this case and are very much in dispute. The actions or omissions at issue are: (1) that neither the forest manager nor its agent discussed the terms of the contract with the timber buyer on the day the contract was signed; (2) that neither the forest manager nor its agent held a pre-cut conference with the timber buyer to inform it of the specifics of the contract and what timber was to be cut; (3) that at the time the timber was being cut, the agent did not go onto the property; (4) that although three days’ notice was not given by the timber buyer, the agent talked with a representative of the timber buyer on several occasions and never inquired as to when the timber would be cut; and (5) that the agent did not inquire before he left to go on vacation as to when timber would be cut from the tract.
The forest manager and its agent also argue that a dismissal would have been proper, because only Shirley McClurkin was named as a plaintiff and that the other owners were necessary parties. In the case of Abbot v. Braswell, 289 Ala. 90, 265 So.2d 871 (1972), the Supreme Court held that where property is owned by joint tenants, one of them alone can maintain an action for damages to the property suffered individually by that tenant. The record is unclear as to the ownership of the land in question. If Mrs. McClurkin is the sole owner, there can be no legal question as to her right to file the action. Even if Mr. McClurkin and the McClurkins’ two daughters are also owners, Mrs. McClurkin has the right to sue for damages based on her proportionate share of the damage suffered. Jefferson Lumber Co. v. Berry, 247 Ala. 164, 23 So.2d 7 (1945).
The affidavit of the agent states that, in essence, he was under no duty to inquire as to the proposed cutting date, but that the duty, pursuant to the timber sales contract, was on the timber buyer to give the three-day notice. However, the owners’ counter-affidavit states that the affiant is a registered forester with the State of Alabama and is familiar with this forest management procedure; that the forest manager was under a duty to (1) make inquiry about when the cutting would begin, (2) arrange a pre-cut conference to ensure that the buyer is aware of what timber is to be cut, and (3) inspect the cutting of the timber; and “that failure to adhere to the standards is a breach of the manager’s duty to the timber owner.”
*523 Upon review of the facts given, we hold that Shirley McClurkin has satisfied her obligation under the substantial evidence rule — she has presented evidence creating genuine issues of material fact. Therefore, we reverse the trial court’s summary judgment as to counts six and seven.
We agree with the contention of the forest manager and its agent as to the ninth count, which alleges a conspiracy between them to deprive Shirley McClurkin of her timber and the benefits of the management agreement. The case of Williams v. Marcum, 519 So.2d 473, 475 (Ala.1987), states that “there is no ‘conspiracy’ where the only parties [thereto] are the corporation and one of its agents and the corporation’s liability is predicated upon the theory of respondeat superior.”
The summary judgment is affirmed as to the ninth count.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ. concur.

. This case was transferred to this court by the Supreme Court pursuant to Ala.Code 1975, § 12-2-7.