REL: 06/27/2014

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

OCTOBER TERM, 2013-2014
_____

1121443
_____

**Ex parte Larry Webber**

PETITION FOR WRIT OF MANDAMUS

(In re: Donald Sherrod et al.

v.

Larry Webber)

(Pickens Circuit Court, CV-13-900026)

MURDOCK, Justice.

Larry Webber petitions this Court for a writ of mandamus directing the Pickens Circuit Court to vacate its August 19, 2013, order denying Webber's motion to dismiss an action filed

1121443

against him by Donald Sherrod, Helen Sherrod, and State Farm Fire and Casualty Company ("State Farm"). We grant the petition.

## I. Facts and Procedural History

In June 2011, the Sherrods hired Webber to paint the interior of their house. The Sherrods and State Farm allege that Webber and his employees did not cover objects in the house before painting and that overspraying damaged the walls, floors, countertops, fixtures, appliances, and a number of items of personal property in the house.

On July 12, 2011, Donald Sherrod sued Webber in the small-claims court in Pickens County ("the small-claims-court action"). It is undisputed that Sherrod's wife Helen was not a party to the small-claims-court action. The complaint alleged that Webber owed Sherrod $3,000 because the "[p]ainting on the inside of my home was not completed [and the] overspray paint all over the inside of the house" had caused damage.

Following a bench trial, the district court -- the small-claims court -- entered an order on November 8, 2011, which recounted that the complaint alleged that "the painting

2

1121443

on the inside of [the Sherrods'] home was not completed, and that [Webber] oversprayed paint such that the inside of the house and other items were damaged and had to be cleaned." The district court concluded that Donald Sherrod "is entitled to recover from [Webber] for the damage caused to his home due to overspraying of paint in the amount of $3,000, plus cost in the amount of $136.09."

Webber paid the judgment amount of $3,136.09 on November 21, 2011, and the district court entered an order acknowledging satisfaction of the judgment on November 28, 2011.[1]

---

[1]The Sherrods and State Farm note in their brief that copies of the complaint in the small-claims-court action, the notation that Webber paid the judgment, and the order acknowledging satisfaction of the judgment that are attached to Webber's mandamus petition were not attached to Webber's motion to dismiss the underlying action. Thus, those items were not before the circuit court. "On mandamus review, this Court has consistently stated that we will not consider materials that have not been before the trial court." Ex parte East Alabama Med. Ctr., 109 So. 3d 1114, 1118 n.1 (Ala. 2012). Webber did attach to his motion to dismiss a copy of the district court's order entering a judgment in favor of Donald Sherrod for $3,136.09. That order substantially set out the allegations in the complaint in the small-claims-court action. Moreover, in his motion to dismiss, Webber stated that he had paid the judgment rendered in the small-claims-court action. In their brief to this Court, the Sherrods and State Farm admit that "[t]he small claims judgment was satisfied, but Webber presented nothing to

3

1121443

In an affidavit filed in the present action, Helen Sherrod stated in part that "[m]y husband sued Larry Webber in Small Claims Court. I was not a party to this Small Claims Court case. After my husband sued Mr. Webber, we made a claim with our homeowner's insurance company, State Farm Fire & Casualty Company." In their response to Webber's motion to dismiss this action, the Sherrods and State Farm stated that, "[i]n December 2011, after investigating the Sherrods' claim, State Farm paid $41,996.19 to the Sherrods." In her affidavit, Helen Sherrod stated that State Farm's payment was "for the damage[] to the flooring, walls and interior of the home. State Farm did not pay us for the damage[] to any of the personal property because the damage[] to the personal property [was] not covered by our policy."[2]

_____

the trial court to indicate when or how it was satisfied." Sherrods and State Farm's brief, p. 2. The Sherrods and State Farm do not dispute the authenticity or veracity of the documents submitted to this Court, nor do they contend that the exclusion of those documents from our consideration would affect our disposition of this petition. They merely object that three of those documents were not submitted to the circuit court in the present action. They are correct, but the supplemental documents only confirm information that was provided to the circuit court.

[2]A copy of the insurance contract between the Sherrods and State Farm was not included in the materials submitted for our review.

4

1121443

On March 25, 2013, the Sherrods and State Farm filed an action in the Pickens Circuit Court against Webber ("the circuit-court action"). The complaint in the circuit-court action stated:

"1. Plaintiffs, Helen Sherrod and Donald Sherrod, hired [Webber] to perform certain painting work on their residence in Pickensville, Alabama.

"2. On or about June 25, 2011, the residence of Helen and Donald Sherrod, and their contents and other personal property located in such residence, [were] damaged extensively due to paint overspraying, negligence, and/or poor workmanship committed by [Webber].

"3. As a proximate consequence of [Webber's] said conduct, the residence, real property and personal property of plaintiffs, Helen Sherrod and Donald Sherrod, [were] rendered damaged and greatly depreciated in value.

"4. Plaintiff, State Farm Fire and Casualty Company, is subrogated in part to the rights of Helen Sherrod and Donald Sherrod against [Webber] on account of the matters set forth above.

"WHEREFORE, [the Sherrods and State Farm] demand judgment in their favor and against [Webber] as follows: in favor of the plaintiffs, Helen Sherrod and Donald Sherrod, and against [Webber] in the amount of $35,000.00 plus interest, and in favor of plaintiff, State [Farm], and against [Webber] in the amount of $41,996.19, plus interest, plus the costs accruing in this action."

On May 24, 2013, Webber filed a motion to dismiss the complaint, asserting that the action was barred by the

5

1121443

doctrine of res judicata and the prohibition against double recovery. On June 14, 2013, the Sherrods filed a response to the motion to dismiss in which they argued that Helen Sherrod owned an undivided one-half interest in the personal property in the Sherrods' residence, that she was not a party to the small-claims-court action, and that she did not recover anything herself in that action. On June 21, 2013, the Sherrods and State Farm filed a second response to the motion to dismiss in which they argued that Helen Sherrod and State Farm were not parties to the small-claims-court action, that there was not "substantial identity of the parties" between the two actions, and that the small-claims court was not a court of competent jurisdiction, for purposes of res judicata. On June 25, 2013, Webber filed a reply to the the Sherrods and State Farm's response to his motion to dismiss. In that reply, Webber noted that, as a subrogee, State Farm "steps into the shoes of its subrogor and that [a] subrogee only gets those rights that its subrogor has." On June 27, 2013, the Sherrods and State Farm filed a "Supplemental Response" to the motion to dismiss in which they argued that Webber's motion was procedurally flawed because, they said, he should have

6

1121443

raised the defenses of res judicata and double recovery in a motion for a summary judgment rather than in a motion to dismiss.

On August 19, 2013, the circuit court entered an order denying the motion to dismiss without explaining its reasons. This petition followed.

## II. Standard of Review

In Lloyd Noland Foundation, Inc. v. HealthSouth Corp., 979 So. 2d 784, 792 (Ala. 2007), we observed:

> "Although HealthSouth's motion addressing its defenses of res judicata and collateral estoppel was actually framed as a 'motion to dismiss,' the motion should have been treated as one seeking a summary judgment because the face of the complaint did not reference the prior litigation .... Furthermore, the trial court clearly considered matters outside the pleadings in making its determination, thus converting the Rule 12(b)(6) motion to dismiss into a Rule 56, Ala. R. Civ. P., summary-judgment motion."

In this case, the complaint did not acknowledge the existence and nature of the judgment that resulted from the small-claims-court action. Instead, Webber submitted a copy of that judgment with his motion to dismiss. The circuit court was due to consider that attachment, thus effectively converting Webber's motion to dismiss to a motion for a

7

summary judgment. See, e.g., <u>Graveman v. Wind Drift Owners' Ass'n, Inc.</u>, 607 So. 2d 199, 202 (Ala. 1992) (stating that conversion of a motion to dismiss to a motion for a summary judgment "is proper where, as here, the parties, in support of, or in opposition to, the motion, file matters outside the pleadings and these matters are not excluded by the court").

A petition for a writ of mandamus is an appropriate method by which to seek this Court's review of the denial of a motion to dismiss or for a summary judgment predicated on the doctrine of res judicata. <u>Ex parte LCS Inc.</u>, 12 So. 3d 55, 56 (Ala. 2008) (citing <u>Ex parte Sears, Roebuck & Co.</u>, 895 So. 2d 265 (Ala. 2004)). See also <u>Ex parte Jefferson Cnty.</u>, 656 So. 2d 382 (Ala. 1995).

> "The standard governing our review of an issue presented in a petition for the writ of mandamus is well established:
>
> "'[M]andamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'"

<u>Ex parte Cupps</u>, 782 So. 2d 772, 774-75 (Ala. 2000) (quoting <u>Ex parte Edgar</u>, 543 So. 2d 682, 684 (Ala. 1989)).

1121443

Our standard of review for a ruling on a motion for a summary judgment is as follows:

> "We review the trial court's grant or denial of a summary-judgment motion de novo, and we use the same standard used by the trial court to determine whether the evidence presented to the trial court presents a genuine issue of material fact. Bockman v. WCH, L.L.C., 943 So. 2d 789 (Ala. 2006). Once the summary-judgment movant shows there is no genuine issue of material fact, the nonmovant must then present substantial evidence creating a genuine issue of material fact. Id. 'We review the evidence in a light most favorable to the nonmovant.' 943 So. 2d at 795. We review questions of law de novo. Davis v. Hanson Aggregates Southeast, Inc., 952 So. 2d 330 (Ala. 2006)."

Smith v. State Farm Mut. Auto. Ins. Co., 952 So. 2d 342, 346 (Ala. 2006).

### III. Analysis

Webber's primary argument is that the circuit-court action is barred by the doctrine of res judicata.

> "The elements of res judicata are '"(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions."' Chapman Nursing Home, Inc. v. McDonald, 985 So. 2d 914, 919 (Ala. 2007) (quoting Equity Res. Mgmt., Inc. v. Vinson, 723 So. 2d 634, 636 (Ala. 1998))."

Greene v. Jefferson Cnty. Comm'n, 13 So. 3d 901, 910 (Ala. 2008) (emphasis added). "'If those four elements are present,

9

1121443

then any claim that was, or that could have been, adjudicated in the prior action is barred from further litigation.'" Ex parte LCS Inc., 12 So. 3d at 57-58 (quoting Equity Res. Mgmt., Inc. v. Vinson, 723 So. 2d 634, 636 (Ala. 1998)).

> "'"Res judicata is a broad, judicially developed doctrine, which rests upon the ground that public policy, and the interest of the litigants alike, mandate that there be an end to litigation; that those who have contested an issue shall be bound by the ruling of the court; and that issues once tried shall be considered forever settled between those same parties and their privies."'"

12 So. 3d at 57 (quoting Lee L. Saad Constr. Co. v. DPF Architects, P.C., 851 So. 2d 507, 516-17 (Ala. 2002), quoting in turn Hughes v. Martin, 533 So. 2d 188, 190 (Ala. 1988) (emphasis added)).

Webber's argument is straightforward. Webber notes that Donald Sherrod filed the small-claims-court action against him as a result of damage to property inside the Sherrods' house allegedly caused by "overspraying" of paint by Webber while he was painting the interior of the Sherrods' house. Donald Sherrod won a judgment against Webber in that action, and

10

Webber paid the judgment. Almost two years later, Donald Sherrod, his wife Helen, and their homeowners' insurance company, State Farm, filed the circuit-court action against Webber, alleging that property inside the Sherrods' house was damaged as a result of Webber's "overspraying" paint inside the house. Webber argues that the same cause of action is presented in both actions, that there was a prior judgment on the merits by a court of competent jurisdiction, and that the second action was filed by the same party (Donald Sherrod) and parties with substantially the same identity (Helen Sherrod and State Farm).

The Sherrods and State Farm do not dispute that there was a prior judgment on the merits and that the two actions involve the same cause of action. They also make no attempt to contend that Donald Sherrod is not the same party who initiated the small-claims-court action. Instead, they raise two arguments to explain why the doctrine of res judicata should not apply to the circuit-court action: First, they contend that the small-claims court was not a court of competent jurisdiction as to the claims brought in the circuit-court action; second, they argue that neither Helen

11

1121443

Sherrod nor State Farm were in privity with Donald Sherrod and thus that there is not a substantial identity of parties between the two actions.

A.  Jurisdiction of the Small-Claims Court

Specifically, with regard to their first argument, the Sherrods and State Farm note that, in order for an action to be barred by the doctrine of res judicata, "'it must, among other things, ... involve a question that could have been litigated in the former cause or proceeding.'" Lee L. Saad Constr. Co., 851 So. 2d at 517 (quoting Stephenson v. Bird, 168 Ala. 363, 366, 53 So. 92, 93 (1910)).  The Sherrods and State Farm argue that their claims in the circuit-court action could not have been brought in the small-claims court because the damages claimed by the Sherrods and by State Farm in the circuit-court action exceed the $3,000 jurisdictional limit for the small-claims court.  See § 12-12-31(a), Ala. Code 1975.[3]

_____

[3]Section 12-12-31(a), Ala. Code 1975, provides:

"The district court shall exercise exclusive jurisdiction over all civil actions in which the matter in controversy, exclusive of interest and costs, does not exceed three thousand dollars ($3,000). These actions shall be placed on a small claims docket by each district court and shall be

12

1121443

The Sherrods and State Farm's argument is misguided.  A jurisdictional limitation on damages does not affect the res judicata effect of a judgment.  "A court of competent jurisdiction is a court with jurisdiction over the subject matter.  If a court lacks jurisdiction over a claim, then that claim would not qualify as one that 'might have been tried' by that court."  Lloyd Noland Found., Inc., 979 So. 2d at 795 (emphasis added).  "'A difference in the element of damages is not grounds for distinguishing two causes of action for res judicata purposes.'"  Chiepalich v. Coale, 36 So. 3d 1, 4 (Ala. 2009) (quoting Robinson v. Holley, 549 So. 2d 1, 2 (Ala. 1989)).

It is undisputed that the district court had jurisdiction over Donald Sherrod's claim based on property damage caused by overspraying of paint.  The Sherrods presumably knew the approximate amount of damage Webber had caused soon after Webber completed the job, yet Donald Sherrod elected to file his claim in the small-claims court, a court with limited jurisdiction as to damages. The fact that almost two years

processed according to uniform rules of simplified civil procedure as may be promulgated by the Supreme Court."

13

after filing that action the Sherrods decided to seek a damages amount that exceeds the jurisdictional amount of small-claims court for the same act does not remove the preclusive effect of the previous judgment.

The argument posited by the Sherrods and State Farm would have us approve of a form of "claim-splitting" between different forums. Donald Sherrod sought and received the maximum amount available in the small-claims court. Now the Sherrods and State Farm seek further damages on the same claim. A comment to § 24 of <u>Restatement (Second) of Judgments</u>[4] well explains why this is not permissible:

---

[4]<u>Restatement (Second) of Judgments</u> § 24 (1982) provides:

"(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

"(2) What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or

"The rule stated in this Section as to splitting a claim is applicable although the first action is brought in a court which has no jurisdiction to give a judgment for more than a designated amount. When the plaintiff brings an action in such a court and recovers judgment for the maximum amount which the court can award, he is precluded from thereafter maintaining an action for the balance of his claim. ... It is assumed here that a court was available to the plaintiff in the same system of courts -- say a court of general jurisdiction in the same state -- where he could have sued for the entire amount. ... The plaintiff, having voluntarily brought his action in a court which can grant him only limited relief, cannot insist upon maintaining another action on the claim."

Restatement (Second) of Judgments § 24 cmt. g (1982). In short, the jurisdictional limitation of the small-claims court as to damages did not affect that court's "competent jurisdiction" over the claim for res judicata purposes.

## B. Virtual Representation of Helen Sherrod by Donald Sherrod in the Small-Claims-Court Action

A question remains as to whether the small-claims-court action and the circuit-court action share a "substantial

_____

usage."

This Court has stated that Alabama follows "a test that in certain respects is similar to, but which is not the same as, the 'same transaction' test, which is found in Restatement (Second) of Judgments and which is applied in the federal courts." Equity Res. Mgmt., Inc., 723 So. 2d at 638. Because the Sherrods and State Farm concede that the two actions involve the same cause of action, the difference between the two tests is irrelevant to the observation made above.

15

identity of parties." As mentioned above, there is no dispute in this regard with respect to Donald Sherrod; consequently, res judicata bars his participation in the circuit-court action. The Sherrods and State Farm maintain, however, that neither Helen Sherrod nor State Farm can be closely identified with Donald Sherrod for res judicata purposes.

Webber argues that Helen Sherrod shares an identity of interest in the subject matter of the litigation with Donald Sherrod because she is his wife, because she is a joint owner of the property that allegedly was damaged, and because she and her husband jointly hired Webber to perform the services that damaged their jointly owned property. (We further note that there is no dispute that Helen was aware of Donald's previous action against Webber.) Under these circumstances, there is sufficient identity of interest in the subject matter of the litigation that Helen is bound by the results of her husband's previous litigation.

The Sherrods and State Farm argue that as a co-owner of the property, Helen Sherrod is entitled to a one-half share of the damages awarded. Because she was not a party to the small-claims-court action, the Sherrods and State Farm contend

16

that Helen Sherrod can maintain a separate action to recover the damages she incurred individually as a result of Webber's actions. For support, the Sherrods and State Farm cite McClurkin v. Ziebach & Webb Timber Co., 666 So. 2d 520, 522 (Ala. Civ. App. 1995), in which the Court of Civil Appeals observed that, "[i]n the case of Abbot v. Braswell, 289 Ala. 90, 265 So. 2d 871 (1972), the Supreme Court held that where property is owned by joint tenants, one of them alone can maintain an action for damage[] to the property suffered individually by that tenant."

McClurkin merely stands for the proposition that one of two joint tenants may bring an action based on damage to jointly owned real property suffered by that tenant without, in all cases, having to join the other tenant as a coplaintiff. There was no issue in McClurkin as to whether a judgment in such an action would serve as a res judicata bar to some future action by the prevailing party or someone with whom the prevailing party shared a substantial identity of interest.

This Court has explained:

"Our caselaw requires that 'there is a substantial identity of parties in the two actions.'

17

Ex parte Ford Motor Credit Co., 772 So. 2d 437, 440 (Ala. 2000). Substantial identity requires that the '"parties be identical, sometimes referred to as the mutuality of estoppel requirement."' Stewart v. Brinley, 902 So. 2d 1, 10 (Ala. 2004) (quoting McMillian v. Johnson, 878 F. Supp. 1473, 1520 (M.D. Ala. 1995)). '"An exception is made to this requirement for parties in privity with a party to the prior action."' Stewart, 902 So. 2d at 10 (quoting McMillian, 878 F. Supp. at 1520) (emphasis omitted). A party is deemed to be in privity with a party to a prior action when there is '"'an identity of interest in the subject matter of litigation.'"' Stewart, 902 So. 2d at 11 (quoting Hughes v. Martin, 533 So. 2d 188, 191 (Ala. 1988), quoting in turn Issue Preclusion in Alabama, 32 Ala. L. Rev. 500, 521 (1981)).

"....

"This Court has stated: '"'"A person may be bound by a judgment even though not a party to a suit if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative."'"' Gonzalez, LLC v. DiVincenti, 844 So. 2d 1196, 1203 (Ala. 2002) (quoting Green v. Wedowee Hosp., 584 So. 2d 1309, 1315 ([Ala.] 1991), quoting other cases)."

Greene, 13 So. 3d at 912 (emphasis added).

In Owen v. Miller, 414 So. 2d 889 (Ala. 1981), this Court stated:

"A non-party who has an interest sufficiently close to the matter litigated and who had an adequate opportunity to litigate the issue in the prior proceeding, may be bound by the earlier judgment. Hudson v. Wright, 164 Ala. 298, 51 So. 389 (1909); Moody v. Moody, 339 So. 2d 1030 (Ala. Civ. App.), cert. denied, 339 So. 2d 1035 (Ala. 1976). See

18

> *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1978); *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). This Court held in *Mitchell v. Austin*, 266 Ala. 128, 94 So. 2d 391 (1957), that persons with mutual or successive interests in the same property may be bound by the results of a prior adjudication."

414 So. 2d at 891 (emphasis added).

Similarly, in *Mosley v. Builders South, Inc.*, 41 So. 3d 806 (Ala. Civ. App. 2010), the Court of Civil Appeals held that a corporation that had been solely owned by a divorcing wife and husband at the time of their divorce was bound by the divorce judgment, despite the fact that the corporation had not been made a party to the divorce action, because the corporation was "a nonparty who had an interest sufficiently close to the matter litigated and who had an adequate opportunity to litigate the issue in the [divorce action]." 41 So. 3d at 812. See also *Simmons v. Simmons*, 99 So. 3d 316, 321 (Ala. Civ. App. 2011) (concluding that, even if a daughter, an alleged joint owner of a house with her mother, had not been joined as a party to an action between her mother and the mother's husband concerning ownership of the house, the daughter would have been bound by the judgment in the

1121443

action "[b]ecause [the daughter] had actual notice of [the husband and wife's] action and an adequate opportunity to litigate the validity of her claim to own the house jointly with [her mother] as a joint tenant with right of survivorship"). We also note that federal courts have held that "[a]lthough a familial relationship need not, in and of itself, confer privity status, it does constitute an important factor when assessing the preclusive effects of a prior adjudication." Jaffree v. Wallace, 837 F.2d 1461, 1467 (11th Cir. 1988). See also Mesa Petroleum Co. v. Coniglio, 787 F.2d 1484, 1489-90 (11th Cir. 1986) (plaintiff-wife was precluded from litigating claims her husband previously had litigated); Cotton v. Federal Land Bank of Columbia, 676 F.2d 1368, 1369-71 (11th Cir. 1982) (plaintiff-husband was precluded from litigating claims his wife previously had litigated); Seamon v. Bell Tel. Co. of Pa., 576 F. Supp. 1458, 1460-61 (W.D. Pa. 1983) (plaintiff-husband was precluded from litigating claims his wife previously had litigated), aff'd, 740 F.2d 958 (3d Cir. 1984).

In sum, as to Helen Sherrod, all the elements of res judicata, including the necessary substantial identity of

20

parties, are present in this case. Accordingly, Helen Sherrod is barred from filing the circuit-court action.

## C. State Farm's Status

Having concluded that both Donald and Helen Sherrod are barred by the doctrine of res judicata from filing the circuit-court action, we are left with the question whether State Farm also is barred by the doctrine of res judicata.

As Webber correctly observes, "[u]nder the equitable doctrine of subrogation, 'a subrogee steps into the shoes of its subrogor and that subrogee only gets those rights that its subrogor has. The subrogee can have no greater rights.'" Trott v. Brinks, Inc., 972 So. 2d 81, 87 (Ala. 2007) (quoting Star Freight, Inc. v. Sheffield, 587 So. 2d 946, 958 n.5 (Ala. 1991)). Because State Farm's rights as a subrogee extend only as far as the rights of the Sherrods, State Farm also must be barred from filing the circuit-court action.

> "'[O]ur courts have adopted the rule that an insurance company's right to subrogation is lost as against a wrongdoer who, without notice of the insurer's rights, settled with and was released from liability by the insured. A statement found at 46 C.J.S. Insurance § 1209 at 155 (1946) expresses both that rule and the natural converse thereof.

21

1121443

> > > "'"When a wrongdoer chargeable
> > > with notice of insurer's rights
> > > as subrogee of the insured makes
> > > a settlement with insured to
> > > which insurer is not a party, the
> > > settlement will be regarded as
> > > having been made subject to the
> > > rights of the insurer, and
> > > without destruction thereof; but
> > > a general release by insured to a
> > > third person without notice or
> > > knowledge of the insurance
> > > company's rights is a bar to the
> > > company's claim to
> > > subrogation."'"

Commercial Union Ins. Co. v. Blue Cross & Blue Shield of Alabama, 540 So. 2d 1368, 1370 (Ala. 1989) (quoting Miller v. Auto-Owners Ins. Co., 392 So. 2d 1201, 1203 (Ala. Civ. App. 1981)).[5]

One legal treatise succinctly summarized the principle at issue this way:

---

[5]The Sherrods and State Farm asserted in their supplemental response to the motion to dismiss that Webber should be estopped from raising the defense of res judicata because, "[a]t the time [the small-claims-court] case was tried, [Webber] and [his] attorney knew that the Sherrods' total damages greatly exceeded the court's jurisdictional limits. The proper procedure would have been to request that the case be transferred to circuit court for final disposition." The Sherrods and State Farm failed to offer any evidence as to Webber's knowledge, and they failed to offer any authority indicating why it would have been Webber's responsibility to insist that the claim against him was too small. We find this argument to be without merit.

22

> "Under equitable subrogation principles, a subrogee has no greater rights than the subrogor; thus, the subrogee is entitled to only those remedies to which the subrogor is entitled, and no greater remedies. No new cause of action is created, because the claim of the subrogee is derivative of the claim of the subrogor, and only changes the ownership of the claim. Thus, if a subrogor is barred by res judicata from maintaining claims or lacks standing, the subrogee is equally barred."

83 C.J.S. Subrogation § 88 (2010) (footnotes omitted). See also 73 Am. Jur. 2d Subrogation § 71 (2012).

Unfortunately for State Farm, it simply cannot avoid the fact that, because its claim is based solely on its rights as a subrogee, it "'steps into the shoes of [the Sherrods] and [State Farm] only gets those rights that [the Sherrods] ha[ve].'" Trott, 972 So. 2d at 87 (quoting Star Freight, Inc., 587 So. 2d at 958 n.5). As we explained in Part III.B of this opinion, the Sherrods are precluded by the doctrine of res judicata from bringing the circuit-court action against Webber. Therefore, State Farm is likewise barred from participation in the circuit-court action.

## IV. Conclusion

We conclude based on the foregoing that the doctrine of res judicata bars the Sherrods and State Farm from bringing the circuit-court action. Accordingly, the circuit court

should have granted Webber's motion for a summary judgment on all the claims against him. Because of our disposition of this case on the ground of res judicata, we need not address Webber's double-recovery argument. We grant the petition for a writ of mandamus and direct the Pickens Circuit Court to vacate its August 19, 2013, order and to enter a summary judgment in favor of Webber as to all claims.

PETITION GRANTED; WRIT ISSUED.

Stuart, Bolin, Parker, Shaw, Main, Wise, and Bryan, JJ., concur.

Moore, C.J., dissents.