Rel: February 17, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2022-2023

————————————————

## SC-2022-0957

————————————————

## Ex parte TruckMax, Inc., and Babco Engineering, LLC

## PETITION FOR WRIT OF MANDAMUS

## (In re: Latosha Caster-Harris and Ella Thomas-Harris

## v.

## TruckMax, Inc., et al.)

## (Jefferson Circuit Court, CV-21-900024)

SELLERS, Justice.

TruckMax, Inc., and its wholly owned subsidiary, Babco Engineering, LLC (collectively referred to as "TruckMax"), petitioned this Court for a writ of mandamus directing the Jefferson Circuit Court ("the trial court") to allow TruckMax to amend its answer in this workers' compensation/wrongful-death action so that TruckMax may assert as a defense that one of the plaintiffs, Latosha Caster-Harris, who is the wife of the decedent involved in this case, lacks the capacity to pursue claims against TruckMax. The parties agree that TruckMax's lack-of-capacity defense is an affirmative defense that will be waived if not pleaded. See Ex parte Tyson Foods, Inc., 146 So. 3d 1041, 1044 (Ala. 2013) ("[S]urviving dependents of a deceased employee have the capacity to bring an action and … a defendant waives the challenge to capacity by not raising it."). Because we conclude that TruckMax has not established that the trial court's ruling denying its motion for leave to amend its answer should be reviewed pursuant to a mandamus petition, we deny the petition.

In October 2020, Joseph Harris was killed when he was struck by a litter truck while cleaning up trash on Interstate 22. The truck was being driven by Nekoile Bolton, who was an employee of Sweeping Corporation

2

of America ("SCA"). At the time of the accident, Joseph had been assigned to SCA by a temporary-employment agency called StaffZone to provide trash-collection services for SCA. SCA owned the truck that Bolton was driving. TruckMax has been accused of improperly designing and manufacturing the truck. TruckMax, however, claims that it acted only as the dealer that sold the truck to SCA and that the truck was designed and manufactured by an entity that is not a party to this action. That issue has not been resolved.

On January 5, 2021, Joseph's wife Latosha sued TruckMax, StaffZone, SCA, Bolton, and Bolton's supervisor, Shellie Waites. Joseph's mother Ella Thomas-Harris was also named as a plaintiff in the action. The plaintiffs alleged a workers' compensation claim against StaffZone, Joseph's employer; negligence, wantonness, and wrongful-death claims against SCA and its employees Bolton and Waites; and negligence, wantonness, and wrongful-death claims and a claim under the Alabama Extended Manufacturer's Liability Doctrine against TruckMax. It appears that all the defendants except TruckMax eventually settled with the plaintiffs and were dismissed from the action.

In March 2021, TruckMax filed a motion to dismiss the claims against it pursuant to Rule 12(b)(6), Ala. R. Civ. P., but it did not challenge either plaintiff's capacity to sue. In September 2021, the trial court denied the motion to dismiss and gave TruckMax seven days to file an answer to the complaint. TruckMax timely answered but did not assert that either plaintiff lacked the capacity to sue. A little less than a year later, on August 15, 2022, TruckMax filed a motion for leave to amend its answer to assert that Latosha lacked the capacity to pursue her claims against TruckMax.[1]

In support of its motion for leave to amend, TruckMax asserted that Latosha had recently given deposition testimony indicating that she is not Joseph's dependent under the Alabama Workers' Compensation Act ("the Act"), § 25-5-1 et seq., Ala. Code 1975. TruckMax claimed that Latosha's testimony conflicted with allegations in the complaint and with

---

[1]TruckMax's petition for a writ of mandamus does not request any relief with respect to the claims asserted by Joseph's mother. Rather, the petition concentrates on evidence of Latosha's alleged lack of capacity to pursue the action and states that TruckMax is "seeking to add a single affirmative defense based on newly-discovered evidence that Latosha lacked capacity to sue." Petition at 2.

4

Latosha's previous responses to interrogatories indicating that Latosha is Joseph's dependent.

According to TruckMax, if Latosha is not Joseph's dependent under the Act, then she does not have the capacity to pursue claims against TruckMax. See § 25-5-11(a), Ala. Code 1975 (providing that, if a death that is compensable under the Act is "caused under circumstances also creating a legal liability for damages on the part of any party other than the employer," the deceased employee's "dependents" may, in addition to seeking compensation under the Act, "bring an action against the other party to recover damages for the … death"); Alabama Power Co. v. White, 377 So. 2d 930, 932 (Ala. 1979) (construing § 25-5-11(a) and concluding that, if an employee's death is caused by a workplace accident covered by the Act, then § 25-5-11(a) gives the employee's dependents capacity to seek compensation from the employer and from any culpable third party). TruckMax also points to § 25-5-61(1), Ala. Code 1975, which provides that, although a wife typically is conclusively presumed to be her husband's dependent for workers' compensation purposes, that presumption fails if it is shown that 1) "she was voluntarily living apart from her husband at the time of his injury or death" or 2) "the husband

was not in any way contributing to her support and had not in any way contributed to her support for more than 12 months next preceding the occurrence of the injury causing his death." Latosha testified during her deposition that she and Joseph had voluntarily lived apart for the 10 years preceding the accident, even though her interrogatory responses, which were submitted months earlier, indicated that Joseph and Latosha had lived together.

Twelve days after Latosha's deposition, TruckMax moved to amend its answer, pointing out that it had only recently learned that Latosha allegedly was not Joseph's dependent and therefore lacks the capacity to sue. The trial court denied TruckMax's motion, concluding that TruckMax's effort to amend its answer was untimely. The trial court also questioned the merits of TruckMax's proposed lack-of-capacity defense. This mandamus petition followed.

Pursuant to Rule 15(a), Ala. R. Civ. P., "a party may amend a pleading without leave of court, but subject to disallowance on the court's own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial." The first trial date set in this action was September 19, 2022. TruckMax

6

sought to amend its answer on August 15, 2022, 12 days after Latosha's deposition, but 35 days before the first trial date. Thus, TruckMax missed the deadline to amend without leave by eight days.

When a party seeks to amend a pleading after the expiration of the deadline to amend without leave, the party "may amend … only by leave of court, and leave shall be given only upon a showing of good cause." Rule 15(a). This Court has construed this portion of Rule 15(a) as follows:

> "[I]n light of the overarching liberal policy of allowing amendments under Rule 15, the appropriate way to view the request for leave to amend, if a party demonstrates 'good cause,' is as though the request had been brought more than 42 days before trial, when the trial court does not have 'unbridled discretion' to deny the leave to amend, but can do so only upon the basis of a 'valid ground' as stated above."

Ex parte Liberty Nat'l Life Ins. Co., 858 So. 2d 950, 954 (Ala. 2003) (quoting Ex parte Bailey, 814 So. 2d 867, 869 (Ala. 2001)). If "good cause" is demonstrated, valid grounds nevertheless exist for refusing to allow an amendment when there is actual prejudice or undue delay. Id. at 953.

Trial courts have discretion in determining whether to allow a party to amend a pleading under Rule 15(a). Burkett v. American Gen. Fin., Inc., 607 So. 2d 138, 141 (Ala. 1992). This Court, however, declines to decide whether the trial court in this case exceeded its discretion in

denying TruckMax's motion for leave to amend because TruckMax has not demonstrated that the filing of a mandamus petition is a proper method of seeking appellate review in this case.

> "'The standard governing our review of an issue presented in a petition for the writ of mandamus is well established:
>
>> "'"[M]andamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) <u>the lack of another adequate remedy</u>; and (4) properly invoked jurisdiction of the court."'
>
> "<u>Ex parte Cupps</u>, 782 So. 2d 772, 774-75 (Ala. 2000) (quoting <u>Ex parte Edgar</u>, 543 So. 2d 682, 684 (Ala. 1989))."

<u>Ex parte Webber</u>, 157 So. 3d 887, 891 (Ala. 2014) (emphasis added).

TruckMax points to <u>Ex parte Liberty National Life Insurance Co.</u>, supra, in support of the assertion in its mandamus petition that "[a] party lacks another adequate remedy where, as here, a trial court denies a motion for leave to amend to assert an affirmative defense to which it is entitled." Petition at 11. In <u>Liberty National</u>, this Court did indeed issue a writ of mandamus directing a trial court to allow the defendant to amend its answer to plead a previously omitted affirmative defense. The

8

Court, however, did not explain why a petition for a writ of mandamus, and not an appeal, was appropriate. More recently, in Ex parte Gulf Health Hospitals, Inc., 321 So. 3d 629 (Ala. 2020), a defendant sought mandamus relief after the trial court in that case had allowed the plaintiff to amend his complaint to allege additional facts in support of a medical-malpractice/wrongful-death action. This Court denied the mandamus petition, concluding that the defendant had failed to establish that an appeal would not be an adequate means of reviewing a trial court's alleged error with respect to allowing a party to amend a pleading. In doing so, the Court stated as follows regarding the lack-of-another-adequate-remedy element necessary for mandamus review:

> "Parties often try to satisfy this element by citing caselaw in which this Court has determined that the issue being raised by the party is recognized for interlocutory appellate review. Although that may be sufficient in those cases in which it is well established that the issue being raised is appropriate for mandamus review (e.g., immunity), it is not sufficient here, where [the defendant] is challenging the trial court's ruling on a motion to amend a complaint. More is needed."

Gulf Health Hosps., 321 So. 3d at 632. In its mandamus petition, TruckMax simply cites to Liberty National in support of its assertion that

9

mandamus review is proper in this case. But, as stated in <u>Gulf Health Hospitals</u>, "[m]ore is needed." <u>Id.</u>[2]

In response to TruckMax's mandamus petition, the plaintiffs rely substantially on <u>Gulf Health Hospitals</u>, but TruckMax ignores that case in its reply brief. Instead, TruckMax points to <u>Ex parte Yarbrough</u>, 788 So. 2d 128 (Ala. 2000), decided 20 years before <u>Gulf Health Hospitals</u>. In <u>Yarbrough</u>, this Court considered the filing of a mandamus petition an appropriate method of seeking appellate review of a trial court's refusal to allow a defendant to amend his counterclaim and third-party claim based on information he had learned during last-minute depositions. The Court appears to have based its decision to engage in mandamus review on the likelihood that an appeal would have resulted in a holding that the trial court had erred and the fact that the remedy would have been to order a new trial. But the same could be said about multiple types of trial-court error that are not normally subject to mandamus review.

---

[2]By providing a citation to one case in which this Court engaged in mandamus review with respect to a trial court's ruling on a motion for leave to amend an answer to raise a previously omitted affirmative defense, TruckMax has not demonstrated that it is "well established that the issue being raised [in this case] is appropriate for mandamus review." <u>Gulf Health Hosps.</u>, 321 So. 3d at 632.

Moreover, the Court in <u>Yarbrough</u> made sure to note that, "[i]f the remedy by way of appeal is adequate, <u>as is usually the case with rulings allowing or disallowing amendments</u>, we will decline to grant the writ." 788 So. 2d at 132 (emphasis added). <u>See</u> <u>also</u> <u>Gulf Health Hosps.</u>, 321 So. 3d at 633 ("'It is not to be assumed or understood, however, that mandamus will be allowed as a method of reviewing all rulings denying the right to amend a complaint or other pleading. In accord with the weight of authority and sound reasoning, it may well be that review of the great majority of rulings allowing or disallowing amendments will be only by appeal.'" (quoting <u>Ex parte Miller</u>, 292 Ala. 554, 557-58, 297 So. 2d 802, 805 (1974))). In light of the recent admonishment in <u>Gulf Health Hospitals</u>, we are not convinced by the citation to <u>Yarbrough</u> that mandamus review is appropriate in the present case.[3]

---

[3]TruckMax suggests that the Court in <u>Yarbrough</u> also considered mandamus review appropriate in part because the parties opposing the defendant's request for leave to amend his counterclaim and third-party claim contributed to the delay in the defendant's discovering the information underlying his desire to amend his claims. According to TruckMax, the plaintiffs in the present case contributed to TruckMax's not learning that Latosha might not be Joseph's dependent until shortly before the first trial setting. Although the Court in <u>Yarbrough</u> acknowledged that the delay was not completely the defendant's fault, it did not clearly state that that circumstance was a justification for reviewing the trial court's actions pursuant to a mandamus petition.

The Court does acknowledge precedent wherein we have reviewed by way of a mandamus petition a trial court's refusal to allow a defendant to pursue a particular affirmative defense for reasons other than tardiness. For example, the Court in Ex parte Teal, 336 So. 3d 165, 168 (Ala. 2021), granted a petition for a writ of mandamus challenging a summary judgment in favor of a shooting victim on the defendant's affirmative defenses alleging self-defense and statutory immunity to liability. TruckMax, however, does not discuss that precedent or otherwise explain why it might establish that mandamus relief is appropriate here. Moreover, in Ex parte Tahsin Industrial Corp., U.S.A., 4 So. 3d 1121 (Ala. 2008), this Court concluded that mandamus review was not available to challenge a trial court's order striking a particular affirmative defense because that defense, if successful, would not have completely resolved the action against the defendant; it would have only reduced the available damages:

> "By asserting that it is not subject to the statutory claim for three times the damages allegedly sustained by [the plaintiff] plus reasonable attorney fees and court costs under [a statutory scheme dealing with sales commissions], [the defendant] only partially avoids judgment because its defense, if upheld, would not be determinative of the action. See Ex parte Employers Mut. Cas. Co., 845 So. 2d 773, 776 (Ala. 2002) ('Likewise, governed by the particular concerns of

12

judicial economy raised by the scenario involved here -- a trial court's pretrial decision to strike a potentially determinative affirmative defense -- we have previously issued the writ [of mandamus] after holding that the trial court's decision was erroneous, focusing mainly on the inherent prejudice on the petitioner.'). We find no basis for relief by way of mandamus stemming from [the defendant's] reliance on authority dealing with striking an affirmative defense."

4 So. 3d at 1123-24. In the present case, although lack of capacity would seem to resolve Latosha's claims in favor of TruckMax, it does not appear to have a substantial probability of resolving the claims of Joseph's mother, which, for all that appears, will still need to be tried.[4]

Mandamus is a drastic and extraordinary writ. Ex parte Webber, supra. It is TruckMax's burden to establish that such relief is appropriate here. Id. Because it has not met that burden under the reasoning of Gulf Health Hospitals, we deny the petition. By doing so, however, the Court does not suggest that mandamus relief can never be appropriate with respect to a trial court's refusal to allow a defendant to amend an answer to raise a previously omitted affirmative defense. For

---

[4]We note that the parties do not provide significant discussion regarding how this action would be affected if only Joseph's mother, and not Latosha, were allowed to proceed against TruckMax. For example, they do not discuss whether damages, or apportionment thereof, might be affected by that circumstance.

example, mandamus review might be appropriate if a defendant establishes that a disallowed affirmative defense could completely resolve the action and an appeal would most likely result in a new trial and the waste of judicial resources.

PETITION DENIED.

Parker, C.J., and Wise, Bryan, Mendheim, Stewart, and Mitchell, JJ., concur.

Shaw and Cook, JJ., concur in the result.